UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X      **COMPLAINT**

V.A., mother and natural guardian of K.A.D. and       Docket No.:
V.A. Individually,

                              Plaintiff,

      -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                              Defendants.

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. At all times and times herein mentioned, plaintiff V.A. was the mother and natural guardian of K.A.D. as defined by IDEA, 20 U.S.C. § 1401 (23).

2. K.A.D. is a child with a disability as defined by IDEA, 20 U.S.C. § 1403(3)(A).

3. Defendant(s) classified K.A.D. as a child with a disability.

4. During the relevant dates referenced herein, the plaintiff resided in Queens, New York.

5. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

6. Defendant DOE is a local education agency as defined by IDEA, 20 U.S.C. § 1401 (19), and as such, is obligated to provide educational and related service programs and services to its students in compliance with the applicable federal and state statutes, regulations and the United States Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.* and the regulations thereunder.

1

7. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff in two separate impartial hearing proceedings.

8. The first underlying impartial hearing proceeding which is the subject of this complaint was brought for the 2018-2019 school year in impartial hearing case number 178294 which was ultimately resolved in favor of plaintiff after appeals of the hearing decision.

9. The second underlying impartial hearing proceeding which is the subject of this complaint was brought for the 2019-2020 school year under impartial hearing case number 193171.

10. The decision issued in the underlying due process case number 193171 was made in favor of the plaintiff and was not appealed by the defendants. The decision in case number 193171 is final and binding on the parties to this action.

11. The within action is brought within the applicable statute of limitations and is timely.

## JURISDICTION AND VENUE

12. Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(2)(A) and 1415 (i)(3)(B).

13. Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

14. Plaintiff brought the due process proceeding under case number 178294 due to the

claims of substantive and procedural inadequacies in K.A.D.'s IEP for the 2018-2019 school year, and further, plaintiff sought tuition funding for K.A.D.'s unilateral placement in the same school year mentioned above.

15. The hearing request in case number 178294 was dated August 12, 2019 was submitted to the DOE.

16. After holding the hearing over a number of dates, IHO Cohen determined in an August 29, 2019 order that K.A.D. was not denied FAPE and that her unilateral placement was inappropriate in the 2018-2019 school year.  Funding for K.A.D.'s placement was also denied.

17. Plaintiff appealed IHO Cohen's decision to the NYS Education Department Office of State Review (hereinafter "SRO").  A Notice of Intention to Seek State Review was personally served on defendants' Office of the Corporation Counsel on September 4, 2019.

18. A timely Notice of Petition and Petition were served on defendants' Office of the Corporation Counsel appealing the hearing decision of IHO Cohen.  The case was assigned SRO case number 19-097.

19. The SRO issued a decision affirming the decision of IHO Cohen on November 13, 2019.

20. After the SRO's decision dismissing plaintiff's appeal was received, an action was filed in the New York Eastern District Court challenging the SRO's decision and assigned docket number 1:20-cv-0989.

21. The parties litigated their respective positions. The court issued a decision vacating the SRO's dismissal of plaintiff's appeal, found that FAPE was denied as a matter of law and remanded the case to the SRO to consider the appropriateness of the unilateral placement and equities.

22. On remand the SRO determined that the unilateral placement was appropriate and ordered tuition reimbursement to the plaintiff and to the unilateral placement school fully funding tuition for the 2018-2019 school year in hearing case number 178294.

23. Plaintiff brought the due process proceeding in case number 193171 seeking funding for K.A.D.'s unilateral placement on the grounds that she was denied FAPE in the 2019-2020 school year by defendants on procedural and substantive grounds.

24. After three hearing dates before IHO Susan Lushing (hereinafter "IHO Lushing"), a decision was rendered on March 3, 2021.

25. IHO Lushing's decision determined FAPE was denied to K.A.D. in the 2019-2020 school year and she awarded direct tuition funding and parental reimbursement for K.A.D.'s attendance at the unilateral placement school.

### AS AND FOR A FIRST CAUSE OF ACTION:  PREVAILING PARTY ATTORNEYS FEES IN IH CASE NUMBER 178294

26. Plaintiff reasserts and realleges paragraphs one ("1") through twenty-five ('25") as if fully set forth herein.

27. Following the IHO's decision in case number 178294, plaintiff appealed to the SRO and the court to review the unfavorable findings of fact made against the plaintiff.

28. The court overturned the SRO's dismissal of the appeal, found FAPE was denied as matter of law and remanded the case to SRO for consideration of the issues of appropriateness and equities.

29. On remand, the SRO assigned this matter case number 22-065.

30. Upon reconsideration of the issues of appropriateness and equities, the SRO determined that the unilateral placement was appropriate for the 2018-2019 school year and that no equities existed to bar the relief sought by the plaintiff in its decision dated July 25, 2022.

31. The plaintiff has exhausted all necessary administrative remedies prior to bringing the instant action for attorneys' fees in case number 178294.

32. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made in federal court challenging the initial SRO decision dismissing the appeal, and further, upon the remand of the case to the SRO by the court for further consideration.

33. Plaintiff prevailed in all material respects and received the relief requested in the impartial hearing complaint in case number 178294.

34. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

35. The relief sought and ultimately obtained in the hearing under case number 178294 was substantial for Plaintiff.

36. The attorney rate of Erika L. Hartley, Esq. in the amount of $400.00 per hour is reasonable in this matter.

37. Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 178294 and this action.

**AS AND FOR A SECOND CAUSE OF ACTION: PREVAILING PARTY LEGAL FEES IN IMPARTIAL HEARING CASE NUMBER 193171**

38. Plaintiff realleges and reasserts the allegations contained in paragraphs one ("1") through thirty-seven ("37") as if fully set forth herein.

39. Following the IHO's decision in case number 193171, the DO" did not appeal the

5

findings of fact made in favor of the plaintiff by IHO Lushing.

40. The plaintiff has exhausted all necessary administrative remedies prior to bringing the instant action for attorneys' fees in case number 193171.

41. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B).  Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made based on evidence presented during the hearing that resulted in the impartial hearing decision made by IHO Lushing.

42. Plaintiff prevailed in all material respects and received the relief requested in the impartial hearing complaint in case number 193171.

43. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded in case number 193171.

44. The relief sought and ultimately obtained in the hearing under case number 193171 was substantial for Plaintiff.

45.  The billing rate for legal fees at $400.00 per hour in case number 193171 are reasonable.

46.  Plaintiff having prevailed in the underlying proceedings herby demands reasonable attorneys fees and costs pursuant to 20 U.S.C. § 1415(i)(3)(B) for the underlying due process proceedings in case number 193171 and this action.

## REQUESTS FOR RELIEF

47.  Plaintiff requests that an Order be issued awarding attorneys fees for the costs of prosecuting each of the underlying due process proceedings and bringing this action seeking legal fees in case numbers 178294 and 193171.

48. Plaintiff also seeks reasonable attorneys fees which have or will be incurred in the prosecution of this action pursuant to 20 U.S.C. 1415(i)(2)(A), 20 USC 1415(i)(3)(B).

Dated: Brooklyn, New York
October 13, 2023

*Erika L. Hartley, Esq.*
Erika L. Hartley, Esq. (Electronically signed)
**LAW OFFICE OF ERIKA L. HARTLEY**
Attorney for Plaintiffs
V.A. as m/n/g of K.A.D. et al.
238 Covert Street, Suite 2
Brooklyn, New York  11207
Office (866) 478-3324, Facsimile (718) 650-8917


To:   Hon. Sylvia Hinds-Radix, Corporation Counsel
Office of the Corporation Counsel
Attorneys for Defendants
THE CITY OF NEW YORK
100 Church Street
New York, New York  10007

Hon. Sylvia Hinds-Radix, Corporation Counsel
Office of the Corporation Counsel
Attorneys for Defendants
NEW YORK CITY DEPARTMENT OF EDUCATION
100 Church Street
New York, New York  10007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------------------------------------X

V.A. as mother and natural guardian of K.A.D. and
V.A. Individually,

                              Plaintiff,

       -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                             Defendants.

------------------------------------------------------------------------------------------------------------X

# COMPLAINT

------------------------------------------------------------------------------------------------------------X

**LAW OFFICE OF ERIKA L. HARTLEY**
Attorneys for Plaintiffs
V.A. as m/n/g K.A.D. & V.A. Individually
238 Covert Street, Suite 2
Brooklyn, New York 11207
Office (866) 478-3324, Fax (718) 650-8917